IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

RICHARD DeLeon Jr,    )
                      )   NO 17-1119
                      )
Plaintiff, PRO-SE     )   Judge
                      )   Magistrate Judge
        v             )
                      )
LISA MADIGAN, in her official )
capacity as attorney general of the )   JURY DEMAND
State of Illinois,    )
                      )
Defendant.            )

FILED
MAR 20 2017
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CIVIL RIGHTS COMPLAINT BROUGHT UNDER
42 U.S.C. § 1983

Plaintiff, RICHARD DeLeon Jr, PRO-SE, brings this complaint against the Defendant, Lisa Madigan, Attorney General of Illinois as follows:

Nature of the Case

1) This case, which arises under 42 U.S.C. § 1983, challenges the constitutionality of the Mandatory Supervised Release (MSR) scheme that by its very wording creates a Natural Life sentence in prison, after having completed their court ordered sentence, only because they are too poor to provide housing to be released to upon completion of their court ordered sentences.

2) This is an action for declaratory and injunctive relief. I will allege the violation of mine and hundreds of others Eighth and Fourteenth Amendment United States Constitutional Amendment Rights, as well as a violation of the Separation of Powers Doctrine.

3) As set forth below, Illinois laws as currently written, create "DEAD TIME" and a NATURAL LIFE sentence in prison for prisoners affected by 730 ILCS 5/5-8-1(d)(4).

1.

## Jurisdiction and Venue

4) Jurisdiction is based on 28 U.S.C. § 1331.

5) Venue is proper because I am currently incarcerated at the Illinois River Correctional Center in Canton, Illinois.

## The Parties

### Defendant

6) Defendant, Attorney General, Lisa Madigan is sued in her official capacity as the Attorney General of The State of Illinois. The Attorney General of the State of Illinois is responsible for executing and administering the laws of the state of Illinois and is charged with advising state's attorneys throughout the state.

7) Under Illinois law, Defendant Madigan has the authority to participate in and assist with criminal prosecutions, including charges under the statutes challenged herein. Defendant Madigan also has the authority to consult with and advise state's Attorneys concerning criminal prosecutions. (see 15 ILCS 205/4)

8) Defendant Madigan has been and continues to be directly involved in the enforcement of the statutory scheme at issue in this case by defending the statutes in state criminal appeals.

### Plaintiff

## STANDING

9) I have standing to bring this challenge because I was convicted of aggravated criminal sexual assault in cook county and am currently serving "DEAD TIME" Due to 730 ILCS 5/3-14-2.5(e).

## FACTS

10) Illinois has had two vastly different sentencing laws on the books in the pats 40 years. The first was in effect before February 1,1978, and required the court to admonish the defendant of a sentencing range and then the Parole & Pardon Board would determine the acual amount of time to be served by the defendant.

11) With the adoption of the new law on February 1,1978, the Illinois General Assembly abolished "indeterminate sentences" as well as the Pardon & parole Board.

12) The new law created Mandatory Supervised Release (MSR) and also created the Prisoner review Board (PRB).Effective February 1,1978.

13) Under the new law, <u>The court was to set a determinate sentence and then to admonish the defendant of an additional term of Mandatory Supervised Release (MSR)</u>, that neither the state nor the court could change. The Illinois Supremme court held in <u>PEOPLE V WHITFIELD</u> 840 NE2d 658 at 672 that

> "We recognize that MSR terms are statutorily required and that the state has no right to offer the withholding of such a period as part of the plea negotiations and *** the court has no power to withhold such a period in imposing sentence."

14) At the time I was sentenced in 2009 the law read:

> "Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. For those sentenced under the law in effect prior to February 1,1978, such term shall be identified as a parole term. For those sentenced on or after February 1,1978, such term shall be identified as a mandatory suervised release term. Subject to earlier termination under section 3-3-8, the parole or supervised release term shall be as follows:
> 730 ILCS 5/5-8-1(d) (WEST 2009)

3.

15.    My Mandatory Supervised Release term falls under 730 ILCS 5/5-8-1(d)(4) and reads:

> "for defendants who commit the offense of predatory criminal sexual assault of a child, aggravated criminal sexual assault, or criminal sexual assault on or after the effective date of this amendatory Act of the 94th General Assembly, the term of mandatory supervised release shall range from a minimum of 3 years to the natural life of the defendant" 730 ILCS 5/5-8-1(d)(4).

16)    This term is called EXTENDED SUPERVISION FOR SEX OFFENDERS. Discharge from Extended supervision is governed by 730 ILCS 5/3-14-2.5 and it is subsections (d) & (e) that create natural life sentences in prison in combination with the "TURN AROUND POLICY" also called VIOLATION AT THE DOOR.

> "Violation at the door is a legal fiction wherein it is imagined that the offender is released from custody, placed on MSR, but when he leaves the institution he is in violation of his supervision termes and he is immediatly placed back in custody. In reality, the offender simply remains incarcerated until a prerequisite is satisfied. this can continue until either (1)the term of MSR expires, or (2) prerequisite is satisfied. For more discussion on this predicament see NEVILLE V. WALKE, NO. 06 c 4455, 2009 WL 230524 (N.D. Jan 30,2009) (ARMATO V. GROUNDS 944 F.Supp.2d 627 (2013))

17)    730 ILCS 5/3-14-2.5 (d) reads:

> (d) releasees serving extended mandatory supervised release terms pursuant to subsection (d) of 5-8-1 of this code may request discharge from supervision as provided by subsection (b) of 3-3-8 of this code. Request for discharge from extended supervised release shall be supported by a recommendation by the releasees supervising agent and an evaluation of the releasee completed no longer than 30 days prior to the request for discharge from supervision. The evaluation shall be conducted by a Sex Offender Management Board approved sex offender evaluator and shall be at the releasees expense.

18)    730 ILCS 5/3-14-2.5 (e) reads:

> (e) The term of extended mandatory supervised release pursuant to paragraph (4) of subsection (d) of section 5-8-1 of this code shall toll during any period of incarceration.

4.

19) 730 ILCS 5/5-8-1(d)(4) can NOT be applied without 730 ILCS 5/3-14-2.5, and subsections (d) & (e) as currently written cause the violation of mine and hundreds of others UNITED STATES CONSTITUTIONAL RIGHTS by their proper application. If tis court fails to take action NOW many more will also have their United States Constitutional rights violated.

20) The Illinois Supreme Court held in PEOPLE VS RINEHART 962 NE2d 444 (Ill 2012) that extended supervised release terms are to be determined by the PRB and also held in CORDREY VS PRISONER REVIEW BOARD 21 NE3d 423 at 429 that "ILDOC may but is NOT required to assist in finding host sites to ensure that we are released on our out dates.

21) this means that if we are too poor to afford housing we may very well spend our NATURAL LIFE in prison unless we win the lottery and can provide housing for ourselves.

22) What is worse is that because of subsection (e) noe of the time we spend in prison counts and it is therefore DEAD TIME.

23) Because of this Illinois has created an MSR term that extends our prison sentences to natural life without hav ing been sentenced to natural life by the judiciary.

24)    THIS CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT.

25) When Illinois changed themlaw on February 1,1978 they created the expectation of a liberty interest that now requires DUE PROCESS to take away.(SEE WILKINSON V AUSTIN 18% S.Ct. 2384 at 2393; "A liberty interest may arise from the word"liberty" ... or it may arise from an expectation or interest created by state lawqs or policies."

5.

26) Both the District court for the Northern District of Illinois and the Illinois Supreme Court have held that the "Turnaround Policy" and the "Violation at the door" are a matter for the Illinois legislature to correct but neither would order it corrected. (see MURDOCK V WALKKER NO. 08 c1142, 2014 WL 916992 (Unreported) see also CORDREY V PRISONER REVIEW BOARD 21 NE3d 423 at 432)

27) Illinois has very clearly created a MSR statutory scheme that creates a natural life sentence in prison without having been sentenced to natural life by the judiciary.

28) 730 ILCS 5/5-8-1(d)(4) can not stand alone without 3-14-2.5 and as I have spelled out subsections (d) & (e) very clearly cause the violation of many UNITED STATES CONSTITUTIONAL RIGHT

## LEGAL CLAIMS

29) Subsection (e) of 730 ILCS 5/3-14-2.5 of this statutory scheme subjects us to cruel and unusual punishment thereby violating our 8th U.S. constitutional Amendment right.

30) This whole statutory scheme as written and applied deptives us of our 14th Amendment right to DUE PROCESS because we are forced to serve longer than the court sentenced us to serve.

31) This statute creating life in prison without having been sentenced to life by the judiciary violates the Separation of Powers doctrine because the Judiciary did not sentence us to life in prison.

32) because subsection (e) by its proper application creates DEAD TIME it is void ab initio or it is constitutionaly

infirm from its inception.

## PRAYER FOR RELIEF

33) WHEREFORE, I pray that this Honorable Court will enter judgment granting:

34) A declaration that this statutory scheme violates mine and hundreds of others 8th and 14th United States Constitutional Amendment rights.

35) A permanent injunction order that the Defendant immediately take this unconstitutional statutory scheme off the books and stop enforcing it.

36) A jury trial on this issue if this can not be resolved by other means.

37) Any other relief this court deems just, proper and equitable.

Dated: MARCH 16, 2017

Respectfully submitted,

RRICHARD DeLeon Jr.
_____

M41911
_____

Illinois River Correctional Center
PO BOX 999
Canton, IL 61520

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Canton, Illinois on MARCH 16, 2017

_____
richard deLeon Jr.

Richard Deleon #M41411
IRCC
P.O. Box #999
Canton IL 61520

IDOC INMATE MAIL
MONEY ORDERS NO LONGER ACCEPTED

Clerk of Court
Peoria Division
100 N.E. Monroe St.
Room 309
Peoria IL 61602

Legal mail

